UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAMESHA TURNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DALLAS COUNTY, et al., )<br>)<br>Defendants. ) | Civil Action No.  1:22-cv-03361 (UNA) |

## MEMORANDUM OPINION

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2.  For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss this matter without prejudice.

Plaintiff, a resident of Dallas, Texas, sues the Texas Drug Abatement Response Team, as well as Smith and Dallas Counties, both in Texas.  It also appears that she may be attempting to bring suit against judges and officials located in those counties.  The complaint is far from a model in clarity.  The pleading itself is devoid of any factual allegations, claims, or bases for jurisdiction or venue.  It instead references "attached documents," which are a hodgepodge of 71 pages of exhibits that are completely unexplained, and consist of recitations of the Texas Penal Code, a letter to a judge on the Texas Supreme Court, emails and letters to and from an attorney, medical evaluations from 2005, and other Texas state court records.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure.  *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Preliminarily, plaintiff does not provide the addresses or contact information for any of the defendants, in contravention of D.C. LCvR 5.1(c)(1). Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls within this category.

As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this court's jurisdiction over plaintiff's entitlement to relief, if any. Any connection between the intended claims and this District is entirely unclear, as is the ability of this court to exercise venue, *see* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a), or personal jurisdiction over defendants, *see International Shoe Co. v Washington*, 326 U.S. 310, 136 (1945). "While such a *pro se* litigant must of course be given fair and equal treatment, [s]he cannot generally be permitted to shift the burden of litigating his case to the courts[.]" *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194 (D.C. Cir. 1983).

For all of these reasons, this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:  December 13, 2022

AMY BERMAN JACKSON
United States District Judge